UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GREAT LAKES DREDGE & DOCK COMPANY, LLC** § § § *Plaintiff,* § § v. § § **CHRIS MAGNUS, et al.,** § § *Defendants.* § | **CIVIL ACTION NO. 4:22-CV-2481** |

**PLAINTIFF'S OPPOSITION TO THE AMERICAN CLEAN POWER ASSOCIATION'S MOTION TO FILE AN AMICUS CURIAE BRIEF**

Pursuant to the Court's Order for Expedited Response, ECF No. 44, Plaintiff Great Lakes Dredge & Dock Company, LLC ("Great Lakes") files this opposition to the motion filed by the American Clean Power Association ("ACPA"), misnamed a "motion to intervene," which seeks leave to file a non-party *amicus curiae* brief, ECF No. 43, Attachment 1.

Great Lakes opposes the motion for three reasons. First, the *amicus* brief improperly seeks to add a variety of extra-record facts to this proceeding for review on an administrative record, in an attempt to convince the Court that applying the language of the statute as written would somehow cripple the U.S. offshore wind industry. This argument is as false as it is inappropriate and is, in any event, beside the point. Courts are not permitted to ignore the plain language of a statute simply because one party or another would be unhappy with the result. Yet, at bottom, that is all the proposed *amicus* brief would add.

Second, the motion provides no good cause—or even any explanation—for ACPA's decision to delay in providing notification of its desire to participate in this action until (a) nearly a year after it was filed, (b) over five months after this Court set the briefing schedule, and (c) almost a week after the parties' initial briefs were filed. The resulting disruption to the schedule

is reflected by the Court's *sua sponte* recognition that an expedited response to the motion would best fit the existing schedule.

Third, the proposed *amicus* brief is not of any help in determining the issue presented by this case—the plain meaning of the statutory language of the Outer Continental Shelf Lands Act ("OCSLA"). It does not discuss or construe any of that language, much less show how it "plainly" supports *amicus'* position. Instead, *amicus* makes several policy arguments that are irrelevant to the plain meaning of the statute and argues for deference to the agency's interpretation under Step Two of *Chevron*, which applies when the language is *not* plain. Moreover, the agency has not made this argument, and its decision can only be upheld on the grounds invoked by the agency in the decision itself, not after-the-fact arguments conceived by an *amicus*.

Plaintiff understands that the practice in this Court (and most others) is generally to allow parties to file *amicus* briefs, and to deal with them on the merits as necessary. Plaintiff respectfully submits that the particular combination of factors in this case warrants opposition to the motion and would amply support its discretionary denial. In either case, the proposed *amicus* brief provides nothing that materially advances the resolution of this case, save perhaps for its all but explicit concession that there is no plain meaning argument supporting Defendants' position.

**PROCEDURAL BACKGROUND**

Great Lakes filed this action on July 26, 2022, seeking review of a ruling of the U.S. Customs and Border Protection agency ("CBP"). On January 23, 2023, the Court entered a scheduling order requiring dispositive motions to be filed by July 1, 2023, and responses by July 30, 2023. ECF No. 25. The parties filed cross-motions for summary judgment on June 30. ECF Nos. 40, 41, 42. As the parties' motions highlight, the issue before the Court is the construction

of the statutory term "subsoil and seabed of the Outer Continental Shelf," as that term is used in the OCSLA, 43 U.S.C. § 1333(a)(1)(A)(i).

On July 5, 2023—nearly a year into the case and only after the parties' motions were filed—ACPA requested the parties' consent to file an *amicus* brief. This was the first Great Lakes had heard of any desire by ACPA to participate. ACPA noted that it "has been following this case closely throughout the litigation," but "only recently" decided to file an *amicus* brief to "discuss the impacts that the outcome of this case could have on its members." *See* Exhibit 1. Given that ACPA's delay appeared to be without cause, and that the subject matter of the proposed *amicus* brief appeared irrelevant to the statutory construction issue before the Court, Great Lakes declined to consent. *See id*.

ACPA filed its motion on July 7, attaching the *amicus* brief it seeks to file. ECF No. 43. The motion was styled as a motion "to intervene to file *amicus curiae* brief" even though ACPA apparently does not seek to become a party, and its motion does not discuss any of the requirements for intervention. The Court issued an Order for Expedited Response, requesting, but not requiring, an opposition no later than July 24. ECF No. 44.

## ARGUMENT

**I.      ACPA Has Not Established a Right to Intervene.**

Intervention is governed by Rule 24 of the Rules of Civil Procedure and is reserved for parties who have a cognizable interest in the litigation or a related claim or defense. Fed. R. Civ. P. 24. Despite styling its motion as a "motion to intervene," ACPA makes no argument that it is entitled to intervene as a party under the standards of Rule 24. A motion to intervene would be untimely in any event based on ACPA's admission that it has been following the progress of the litigation, but only recently filed its motion. *See St. Bernard Par. v. Lafarge N. Am., Inc.*, 914

F.3d 969, 974 (5th Cir. 2019) (first factor in evaluating timeliness of a motion to intervene is "[t]he length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene …"). ACPA has not identified any prejudice it would suffer if intervention were denied, and points to no "unusual circumstances" that justify its delay. *See id.* (outlining the remaining factors). Thus, to the extent ACPA seeks to intervene as a party in this action, its motion should be denied.

## II.   The Court Should Deny the Motion for Leave to File an *Amicus* Brief.

If the court construes ACPA's motion as a motion for leave to file an *amicus* brief, that motion should also be denied. The proposed *amicus* brief argues for affirmance of the CBP's rulings—a position that is adequately presented by the agency in its several rulings below, the government's attorneys in this action, and the arguments made by the Intervenor-Defendant that timely moved for intervention. *See Club v. Fed. Emergency Mgmt. Agency*, No. 4:07-cv-608, 2007 WL 3472851, at *3 (S.D. Tex. Nov. 14, 2007) (denying motion to file an *amicus* brief because "[t]he parties are sophisticated and ably represented by counsel," because "[i]t is unclear what new perspective or information [prospective *amicus*] could provide" and because the prospective *amicus* "has the same interests and policy objectives" as an existing party). The proposed *amicus* brief also seeks to introduce factual assertions outside the administrative record that the parties have no opportunity to contest, such as the number of "megawatts" in the nation's offshore maritime industry and the supposed nonexistence of certain ships. *See, e.g.*, ECF No. 43-1 at 2. By seeking to introduce new facts, ACPA steps outside the proper role of an *amicus*. *Club*, 2007 WL 3472851, at *1 ("An *amicus* who argues facts should rarely be welcomed.") (quoting *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)). These external facts are especially inappropriate

4

in an action for administrative review, where the Court's review is "limited to an examination of the agency record." *Baker v. Bell*, 630 F.2d 1046, 1051 (5th Cir. 1980).

ACPA's motion is also untimely, as it was submitted after the parties had already filed their motions and after this action had been pending for over a year. ACPA has offered no explanation for its delay, and in fact acknowledges that it has been following the litigation closely while deciding whether or not to weigh in. The tardy motion has disrupted the Court's briefing schedule by requiring expedited briefing outside the existing schedule. ACPA has made no attempt to show good cause for its delay. *See ThermoLife Int'l, LLC v. Am. Fitness Wholesalers, LLC*, 831 F. App'x 325, 325 n.1 (9th Cir. 2020) (denying motion for leave to file as untimely, without requiring any showing of prejudice).

Finally, ACPA's motion should be denied because it presents matters irrelevant to the issues before the Court and thus fails to "add[] anything consequential to [the Court's] consideration of this case." *See Halo Wireless, Inc. v. Alenco Commc'ns, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (denying motion for leave to file an amicus brief on this ground). The brief does not contend in any way with the statutory term at issue in this case: "subsoil and seabed of the outer continental shelf" in the OCSLA, 43 U.S.C. § 1333(a)(1)(A)(i). To the contrary, *amicus* presents the Court with a host of irrelevant considerations, and then invites the Court on that basis to defer to the agency's construction of the statute by relying entirely on Step Two of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).[1] Step Two applies, however, only when a statute has *no* plain meaning. The proposed *amicus* brief thus argues a position directly contrary to the position of the parties it purports to be supporting, who claim

---

[1] Defendant agency does not rely on *Chevron* at all, arguing that if any deference is given the standard of *Skidmore v. Swift* & Co., 323 U.S. 134 (1944) should apply. CBP Br., ECF No. 42 at 23–24.

(incorrectly) that that the plain language of the statute supports them. This would be unhelpful in any case, and is particularly so here where the agency's decision cannot be upheld on any ground that the agency did not expressly rely on in that decision. *See, e.g.*, *Calcutt v. Fed. Deposit Ins. Corp.*, 143 S. Ct. 1317, 1318 (2023) ("[R]eviewing courts 'must judge the propriety of [agency] action solely by the grounds invoked by the agency.'") (quoting *Chenery*, 332 U.S. at 196).

Instead of attempting to construe this or any other statutory text, ACPA makes various policy arguments and invites the Court to imagine a parade of horribles that would supposedly result if the statute were applied as written. ECF 43-1 at 9. This Court of course "may not use policy in such a way to rewrite Congress's laws." *Beatty v. Lumpkin*, 52 F.4th 632, 636 (5th Cir. 2022); *see Serafini v. Sw. Airlines Co.*, 485 F. Supp. 3d 697, 703–04 (N.D. Tex. 2020) ("[T]his Court is not in the business of reading Congress's . . . minds, editing its legislation, or lobbying for preferred policy outcomes in contravention of what a duly enacted statute allows or requires. This Court's sole duty is to read, interpret, and apply the words of the law.").

Great Lakes appreciates the Court's consideration in crafting an order to accommodate the untimely motion and to minimize disruption to the scheduling order that has governed this action for over half a year. ACPA's motion should be denied. Should the Court exercise its discretion to grant the motion, ACPA's arguments may be disregarded because they have no legal significance to the issues before the Court and seek consideration of matters outside the record (and are incorrect in any event).

## CONCLUSION

For the foregoing reasons, ACPA's motion "to intervene to file *amicus curiae* brief" should be denied.

July 18, 2023

Respectfully submitted,

*/s/ Beth W. Petronio*

Beth W. Petronio
Texas Bar No. 00797664
Fed. Id. No. 29628
**K&L Gates LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
(214) 939-5815 (phone)
(214) 939-5849 (fax)
beth.petronio@klgates.com

John Longstreth (pro hac vice)
(DC Bar # 367047)
Mark Ruge (pro hac vice motion pending)
(DC Bar # 461738)
K&L Gates LLP
1601 K Street NW
Washington D.C., 20006-1600
(202) 778-9000 (phone)
(202) 778-9100 (fax)
john.longstreth@klgates.com
mark.ruge@klgates.com

Tre A. Holloway (pro hac vice)
(SC Bar #105969)
K&L Gates LLP
134 Meeting Street, Suite 500
Charleston, SC 29401
(843) 579-3429
tre.holloway@klgates.com

**ATTORNEYS FOR PLAINTIFF GREAT LAKES DREDGE & DOCK COMPANY, LLC**

## CERTIFICATE OF SERVICE

I certify that on July 18, 2023, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Beth W. Petronio*
